R.J. Carlos Tricou, engaged in business in New Orleans in operating a chicken hatchery and in selling poultry supplies of various kinds, conducts his business under the name Louisiana Hatcheries-Miller Feed Store. He brings this suit against Emile B. Barris, alleging that during the twelve-month period commencing October 1, 1943, and terminating September 30, 1944, he sold and delivered to Barris goods and merchandise at a total price of $12,658.65 and that the said defendant, having made payments of only $11,884.56, owes a balance on open account of $774.09. For this amount he prays for judgment against Barris.
In his answer Barris avers that many of the amounts shown on the statement are incorrect, that many credits were not given him, and he avers that as a result he owes nothing to plaintiff but is entitled to judgment in reconvention for $4,289.01.
There was judgment in the court below for plaintiff for $774.09 as prayed for and dismissing that part of the reconventional demand based on transactions prior to October 3rd, 1943 and dismissing, as in case of nonsuit, that part of the reconventional demand which is based on transactions after October 3, 1943.
Defendant has appealed.
In his argument before us counsel for defendant, Barris, has conceded the correctness of the open account so far as it shows sales and deliveries to Barris, and he has conceded also that all of the counterclaims and offsets presented in the reconventional demand are not well founded except the one based on the averment that the defendant was not given proper credits for certain hatching eggs delivered by him to the plaintiff. In other words, counsel for defendant concedes that Barris is indebted to plaintiff in the sum of $774.09, and he limits the claim of Barris in reconvention to an item amounting to $1,238.13, which is based on the charge that though plaintiff agreed to allow credit at 65¢ per dozen for all eggs delivered by Barris to him, as a matter of fact he gave credit only at the rate of 60¢ per dozen for practically all of the eggs and at the rate of 62¢ per dozen for a few of them.
Defendant contends that when he agreed to go into the egg producing business and purchased his supplies and feed from plaintiff, plaintiff agreed that he would take all hatching eggs furnished by defendant and would give credit at the rate of 65¢ per dozen.
Plaintiff says that he made no such agreement but that he did say that he would take the hatching eggs and would pay for them at a price based on Office of Price Administration ceiling prices for eating eggs plus a bonus, depending upon the grade of hatching eggs produced by Barris. He says, too, that he did this and that he has given full credit for all amounts due.
The only witness produced by either party in connection with this contention was another egg raiser, Abraham Nemo, who admitted that he knew nothing whatever of the arrangement between plaintiff and Barris but who said he was receiving 65¢ per dozen for his eggs from plaintiff and that when he had discussed with plaintiff the price he would receive for his eggs, plaintiff had said: "He would pay me the same thing he is paying Mr. Barris." *Page 696 
However, the testimony of Mr. Nemo in this regard is most unsatisfactory, and as we have already said, he admitted that he knew nothing whatever about any contract between the parties to this suit.
The record convinces us that the books and records of plaintiff were carefully and well kept, whereas it convinces us also that the defendant, Barris, kept no records, and had very little information as to the necessary facts connected with the chicken and egg business. The reconventional demand presented by him which at first amounted to more than $4,000 was admitted to be entirely incorrect and was voluntarily reduced to the present item of $1238.13. We find nothing in the record from which we can conclude that the finding of the district judge was erroneous. Only issues of fact are involved, and it necessarily follows that the judgment should not be reversed.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., absent, takes no part.